UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 20-cv-21975

FRANK MARRERO, JR.,

    Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, MEGAN J. BRENNAN, POSTMASTER GENERAL, and LOUIS DEJOY, as successor, POSTMASTER GENERAL, and DOES 1-10,

    Defendants.
_____/

## COMPLAINT

Plaintiff, FRANK MARRERO, JR., hereby sues Defendant, UNITED STATES POSTAL SERVICE, MEGAN J. BRENNAN, POSTMASTER GENERAL, and LOUIS DEJOY, as successor, POSTMASTER GENERAL, and DOES 1-10, and alleges as follows:

## INTRODUCTION

1. This is an action for money damages to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful termination of Plaintiff because of his disabilities and age, and failure to provide reasonable accommodation based on his disabilities, in violation of The Rehabilitation Act, As Amended 29 U.S.C. §701 et seq.; Age Discrimination In Employment Act of 1967, 29 U.S.C. §621 et seq.; and Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

2. On November 23, 2015, Mr. Marrero, a disabled veteran, employed by the

United States Postal Service (USPS) as a City Carrier Assistant (CCA), was wrongfully terminated on the basis of discrimination for his disability and age following his written submission for reasonable accommodations. Brian Goldstein, Mr. Marrero's supervisor, admits to receiving the request on or around November 20, 2015. Mr. Goldstein and Mr. Juan Albo, Mr. Goldstein's supervisor, proceeded to wrongfully terminate Mr. Marrero on the unlawful basis of disability and age discrimination.

3. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, including aggravation of prior-existing injuries, permanent harm to his professions and personal reputation, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331and 1343 over Plaintiff's cause of action as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under the Rehabilitation Act, the Age Discrimination In Employment Act of 1967, and the Americans with Disabilities Act. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under Florida state law pursuant to 28 U.S.C. § 1367.

5. Venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred in Miami-Dade County.

6. Defendant United States Postal Service (USPS) was, at all times mentioned in this Complaint, acting under color of federal law.

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. This action was filed within 90 days of receipt of U.S. Equal Employment Opportunity Commission's dismissal of Mr. Marrero's Formal EEOC complaint.

## PARTIES

9. Plaintiff was employed by the USPS at the Northland Station in Miami, Florida in a letter carrier position. At all relevant times, Plaintiff met the definition of an "employee" under all applicable Statutes. Plaintiff was discharged due to his age and disability.

10. Defendant USPS is, and at all times mentioned in this Complaint was, an independent agency, or instrumentality of the federal government, organized and existing under the laws of the United States of America, Federal Government and subject to those laws including Section 501 of the Rehabilitation Act of 1973.

11. Defendant Megan J. Brennan is on the staff of the USPS, in the position of Postmaster General of the United States.

12. Defendant Louis DeJoy is the successor of the position Postmaster General of the United States held by Megan J. Brennan.

13. The cause of action herein described accrued in Miami-Dade County.

## BACKGROUND

14. Mr. Marrero's employment with USPS began on August 31, 2015, as a City Carrier Assistant (CCA), and was designated to the Gratigny Branch, in Miami, Florida, which oversaw nine (9) other stations. During his employment, Mr. Marrero was provided assignments at the other 9 nine stations, including the Norland Station.

15. On November 17, 2015, Mr. Marrero presented his formal request for reasonable accommodations pursuant to Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 (Request) to Ray Borger (the station manager of the Norland Station).

16. After having reviewed the Request, Borger refused to accept it and instructed Mr. Marrero to provide it to his supervisor Brian Goldstein at the Norland Station.

17. On November 18, 2015, Mr. Marrero spoke with Jesse Rosaham, assistant to Mr. Goldstein, and she also refused to accept the Request. She instead provided Mr. Marrero with the email address of Mr. Goldstein. Mr. Marrero sent Mr. Goldstein an email attaching the Request titled "disability" on November 19, 2015. Mr. Goldstein admits receiving the Request on November 20, 2015.

18. On November 19, 2015, Mr. Marrero injured himself while on the job. Mr. Marrero advised his supervisor Lori Moore that same day advising her that he injured himself and needed relief. She refused, and Mr. Marrero completed his shift.

19. On November 20, 2015, Mr. Marrero went to see his doctor and receive treatment for his injury. Mr. Marrero's doctor gave him a note finding him medically unable to work from Nov. 20 through Nov. 21.

20. On November 22, 2015, Mr. Marrero reported to duty as ordered by his supervisor at the North Dade station and attempted to provide his Worker's Compensation paperwork enclosing documentation from his doctor. However, it was refused.

21. November 23, 2015, Mr. Marrero reported to the Norland station as instructed where Mr. Albo accused him of falsifying his application and questioned him about his performance. He advised Mr. Marrero that "I could do whatever I want" in response to Mr. Marrero's request for reasonable accommodations. Mr. Albo advised Mr. Marrero he was fired and instructed him to report to Mr. Goldstein to process his termination.

22. Mr. Marrero reported to Mr. Goldstein's office where Mr. Goldstein completed Mr. Marrero's "60-day" and "90-day" evaluations, reporting Mr. Marrero work performance as

unsatisfactory. In Mr. Marrero's presence, Mr. Goldstein backdated the evaluations to November 21, 2015 and signed. He then asked Mr. Marrero to sign the document, which he refused.

23. Mr. Goldstein also proceeded to complete Absence Without Leave Form for Mr. Marrero's alleged absence on November 21. Mr. Marrero, however, had not been told to report on November 20 and 21.

24. Mr. Goldstein and Mr. Juan Albo terminated Mr. Marrero prior to the end of probationary period which was set to end on November 31, 2015.

25. As a direct and proximate result of the acts of Defendants, Mr. Marrero suffered the following injuries and damages:

   a. Personal injury;
   b. Disability;
   c. Aggravation of pre-existing condition;
   d. Medical Expenses;
   e. Emotional distress;
   f. Pain and suffering;
   g. Loss of capacity to enjoy life;
   h. Public humiliation and embarrassment;
   i. Permanent harm to his professions and personal reputation; and
   j. Severe mental anguish.

## COUNT I
*Section 501 of the Rehabilitation Act of 1973*
*29 U.S.C. §701 et seq, As Amended*
**(Rehabilitation Act)**

26. Plaintiff realleges and incorporates by reference ¶¶ 1-25.

27. Defendants' conduct as alleged above constitutes discrimination based on Mr. Marrero's disability in violation of his civil rights under the Rehabilitation Act. Defendants' stated reasons for Mr. Marrero's termination were not true and instead were pretext to hide the Defendants' discriminatory animus. Plaintiff claims noneconomic and economic damages under this statute for the injuries set forth above against Defendants.

## COUNT II
*Age Discrimination in Employment Act of 1967*
*29 U.S.C. § 621 et seq.*
**(ADEA)**

28. Plaintiff realleges and incorporates by reference ¶¶ 1-25.

29. Defendants' conduct as alleged above constitutes discrimination based on Mr. Marrero's age in violation of the Age Discrimination in Employment Act of 1967. Defendants' stated reasons for Mr. Marrero's termination were not true and instead were pretext to hide the Defendants' discriminatory animus. Plaintiff claims noneconomic and economic damages under this statute for the injuries set forth above against Defendants.

## COUNT III
*Americans with Disabilities Act*
*42 U.S.C. § 12101 et seq.*
**(ADA)**

30. Plaintiff realleges and incorporates by reference ¶¶ 1-25.

31. Defendant's conduct as alleged above constitutes discrimination based on Mr. Marrero's disability in violation of the Americans with Disabilities Act. Defendants' stated reasons for Mr. Marrero's termination were not true and instead were pretext to hide the Defendants' discriminatory animus. Plaintiff claims noneconomic and economic damages under this statute for the injuries set forth above against Defendants.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff seeks judgment and prays for relief against Defendant, as follows:

A. Enter judgement in favor of Plaintiff and against Defendants;

B. Special damages according to proof;

C. General damages for aggravation of pre-existing condition, permanent injury, pain, suffering, emotional distress, anguish and humiliation according to proof;

D. Punitive damages;

E. Attorneys' fees, costs and expert witness fees pursuant to statute; and

F. Any other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable as a matter of right by a jury as to all claims.

Dated: May 11, 2020

Respectfully submitted,

Franchesca Marrero-Rodriguez P.A.
Attorney at Law
13550 N Kendall Dr.
Miami, FL 33186
Phone: (305) 461-1095
Email: fmrlawpa@gmail.com

/s/ Franchesca Marrero-Rodriguez, Esq.
F.B.N.   114106
Attorney for Plaintiff